```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/30/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHANEL, INC.,

                          Plaintiff,

-against-

SHIVER AND DUKE LLC, EDITH ANNE HUNT,
and JOHN DOES 1–10,

                          Defendants.

1:21-cv-01277 (MKV)

**OPINION AND ORDER
DENYING MOTION TO DISMISS
FOR LACK OF PERSONAL
JURISDICTION OR, IN THE
ALTERNATIVE, TO TRANSFER
VENUE**

---

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Chanel, Inc. brings this action against Defendants Shiver and Duke, LLC ("S+D") and Edith Anne Hunt, alleging claims for trademark infringement. Defendants have moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction or, in the alternative, to dismiss or transfer venue based on *forum non conveniens*. [ECF No. 27]. For the following reasons, Defendants' motion is denied.

## BACKGROUND

      Chanel is a manufacturer and retailer of luxury consumer goods under the CHANEL trademark as well as a design consisting of two interlocking back-to-back letter Cs (the "CC Monogram"). (Compl. ¶¶ 12-13). S+D is a Georgia limited liability company that manufactures, advertises, and sells jewelry incorporating recycled Chanel buttons featuring the CC Monogram. (Compl. ¶¶ 5–6, 23-29, Exs. D, E; *see also* Def. Br. Exs. A, D, E). Defendant Edith Anne Hunt is the sole member and manager of S+D. (Compl. ¶¶ 5–6, Hunt Decl. ¶¶ 2, 4).

      Plaintiff brought this action against Defendants, alleging that Defendants' jewelry featuring Chanel's CC Monogram infringed on its registered trademark. (Compl. [ECF No. 1]). The Complaint alleges five causes of actions: (1) trademark infringement under 15 U.S.C.

§ 1114(1), (2) federal unfair competition under 15 U.S.C. § 1125(a), (3) federal trademark dilution under 15 U.S.C. § 1125(c), (4) trademark infringement and unfair competition under New York common law, and (5) trademark dilution under New York General Business law § 360-*l*. (Compl. ¶¶ 50–73).

Defendants were granted leave to file a motion to dismiss for lack of personal jurisdiction or to transfer venue, and Chanel was granted leave to conduct jurisdictional discovery on the scope and extent of Defendants' activities directed at New York. [ECF No. 25]. After the period for jurisdictional discovery closed, Defendants timely filed their Motion to Dismiss. [ECF No. 27]. Plaintiff opposed the motion, but neither side requested an evidentiary hearing or oral argument in connection with the motion.[1]

## **LEGAL STANDARDS**

"On a Rule 12(b)(2) motion, plaintiff carries the burden of demonstrating that personal jurisdiction exists, and where the district court did not conduct a full-blown evidentiary hearing on a motion, the plaintiff need make only a *prima facie* showing of jurisdiction." *Penachio v. Benedict*, 461 F. App'x 4, 5 (2d Cir. 2012). At the pleading stage, a plaintiff may make a *prima facie* showing by relying on its pleadings and affidavits, and a showing of personal jurisdiction may be established solely by allegations. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013). However, to adequately allege personal jurisdiction, a plaintiff "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Id.* at 85. And while the Court "construe[s] the

---

[1] In support of their motion, Defendants filed a memorandum of law, with several exhibits, (Def. Br. [ECF No. 28]), including the declaration of Edith Anne Hunt, the owner and manager of S+D, (Hunt Decl. [ECF No. 28-11]). In opposition to Defendants' motion, Plaintiff filed a memorandum of law, (Pl. Opp'n [ECF No. 30]), the declaration of Barbara A. Soloman, counsel for Plaintiff, with several exhibits, (Solomon Decl. [ECF No. 31]), and the declaration of Lora A. Moffatt, Head of U.S. Intellectual Property of Chanel, Inc., (Moffatt Decl. [ECF No. 32]). Defendants filed a reply. (Def. Reply [ECF No. 33]).

pleadings and affidavits in the light most favorable to plaintiffs," *id.*, the Court cannot "draw argumentative inferences in the plaintiff's favor" and need not "accept as true a legal conclusion couched as a factual allegation." *O'Neill v. Asat Trust Reg.*, 714 F.3d 659, 673 (2d Cir. 2013).

## DISCUSSION

### I. Defendants Are Subject To Personal Jurisdiction In New York

Plaintiff contends that Defendants are subject to specific jurisdiction in New York under C.P.L.R. §§ 302(a)(1) and 302(a)(3)(ii). (Compl. ¶ 9). Specific jurisdiction requires that a defendant "purposefully avail[] itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011). Evaluating personal jurisdiction first involves an analysis of whether the law of the forum state, here New York's long-arm statute, N.Y. C.P.L.R. § 302, subjects the defendant to personal jurisdiction. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). If New York law would permit the exercise of jurisdiction, the Court then must evaluate whether the exercise of jurisdiction would comport with constitutional due process protections. *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017).

#### A. Transaction Of Business Under N.Y. C.P.L.R. § 302(a)(1)

Section 302 of the New York Civil Practice Law and Rules provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). The plaintiff must make a *prima facie* showing that "(1) the defendant . . . transacted business with the State; and (2) the claim asserted . . . arise[s] from that

business activity." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015) (quoting *Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013)). A plaintiff's showing that a single transaction occurred in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the transaction was "purposeful" and there is a "substantial nexus" between the business and the cause of action. *Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 166 (2d Cir. 2005) (citations omitted); *see also Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010) (a single transaction that occurred in New York "is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 522 N.E.2d 40, 43 (N.Y. 1988))).

Here, Plaintiff alleges that Defendants operate a highly interactive website that offers the allegedly infringing goods for sale to consumers in this state. (Compl. ¶ 9). During jurisdictional discovery, Defendants produced documents establishing that, in the last five years, Defendants have made 28 sales of the allegedly infringing jewelry to customers in New York (Solomon Decl. ¶ 7(a), Ex. 2), and in the last three years, have made more than 80 sales total to customers in New York, totaling in excess of $10,000 in revenue. (Solomon Decl. ¶ 7(b), Ex. 3). Indeed, S+D concedes that it has sold and shipped into New York at least some of the jewelry at issue in this case. (Def. Br. 8–9). Moreover, because Ms. Hunt is the "the owner and manager of Shiver and Duke, LLC," (Hunt Decl. ¶ 2), S+D's activities in New York can be imputed to her. *See Kreutter*, 71 N.Y.2d at 467 (the plaintiff only need convince the court that the party over whom it is seeking to assert jurisdiction "engaged in purposeful activities in this State . . . and that [the employer] exercised some control over [defendant] in the matter"). These facts are

4

more than sufficient to establish that Defendants have transacted business in the state. *See*, *e.g.*, *Chloe*, 616 F.3d at 170 (defendant purposefully availed itself of the benefits of transacting business in New York where it operated a highly interactive website offering bags for sale to New York consumers and engaged in fifty-two other transactions where merchandise was shipped to New York); *Two's Co., Inc. v. Hudson*, No. 13-CV-3338, 2014 WL 903035, at *5 (S.D.N.Y. Mar. 6, 2014) ("The combination of the semi-interactive website which allows out-of-state consumers to commence a purchase through the website and the actual sale of products to New York . . . satisfies the 'transacting business' prong of New York's long-arm statute."); *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 469 (S.D.N.Y. 2008) (finding a dozen sales to New York customers from Defendant's website sufficient to show that "defendants have purposely availed themselves of the privilege of conducting activities in New York"); *Pearson Educ., Inc. v. Shi*, 525 F. Supp. 2d 551, 557 (S.D.N.Y. 2007) ("Plaintiffs' allegations that Defendants consummated multiple sales of their copyrighted books with New York customers through the Internet constitute an adequate showing of Defendants' purposeful contacts with New York.").

Defendants contend that sales into New York only constitute a small percentage of their business. (Def. Br. 13). Nonetheless, "[i]t does not matter that Defendants' New York sales make up a small percentage of their total sales" if it is otherwise shown that Defendants have availed themselves of jurisdiction in New York. *Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, No. 15-CV-06478 (ALC), 2016 WL 7451306, at *3 (S.D.N.Y. Dec. 27, 2016); *Carson Optical, Inc. v. RQ Innovasion Inc.*, No. 16-CV-1157 (SIL), 2020 WL 1516394, at *3 (E.D.N.Y. Mar. 30, 2020) ("Even if New York sales make up only a small percentage of a defendant's total sales . . . the use of the internet to expand a seller's market 'literally to the

world' requires a merchant to accept 'the concomitant legal responsibilities that such an expanded market may bring with it.'"). Indeed, the Second Circuit has made clear that a single transaction in New York is sufficient to subject a defendant to personal jurisdiction in New York if the defendant's activities are purposeful and the claim arises out of the transaction. *See Chloe*, 616 F.3d at 170.

Because the Court holds that the requirements of section 302(a)(1) are met here, it need not consider whether there is personal jurisdiction under section 302(a)(3). *See Caliko, SA v. Finn & Emma, LLC*, No. 21-CV-3849 (VEC), 2022 WL 596072, at *4 (S.D.N.Y. Feb. 28, 2022).

### B. The Exercise Of Personal Jurisdiction Comports With The Due Process Clause of the United States Constitution

The exercise of personal jurisdiction over Defendants does not violate the due process protections of the United States Constitution. To exercise personal jurisdiction over an out-of-state defendant, the Due Process Clause requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (citations omitted). In evaluating whether a defendant has sufficient minimum contacts, the "crucial question is whether the defendant has purposefully avail[ed] itself of the privilege of conducting activities within the forum state" such that it "should reasonably anticipate being haled into court there." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242–43 (2d Cir. 2007).

The Second Circuit has held that a Defendant purposefully avails itself of jurisdiction where it has sold at least one of its allegedly infringing goods from its website to New York customers. *See Chloe*, 616 F.3d at 171 ("offering bags for sale to New York consumers on the Queen Bee website and [ ] selling bags—including at least one counterfeit Chloé bag—to New York consumers" constituted purposeful availment). Indeed, Courts in this Circuit routinely

have held that selling items to New York-based customers through a website constitutes purposeful availment. *See, e.g.*, *Pearson Educ.*, 525 F. Supp. 2d at 557–58 (the alleged sale of nineteen copyrighted books or electronic files of the same works into New York constituted purposeful availment); *Pearson Educ., Inc. v. ABC Books LLC*, No. 19-CV-7642 (RA), 2020 WL 3547217, at *7 (S.D.N.Y. June 30, 2020) (the sale of over $50,000 of counterfeit books into New York constitutes personal availment). As discussed above, Defendants do not dispute that they have sold the allegedly infringing goods into New York. Accordingly, Defendants have purposefully availed themselves of jurisdiction in this state and should reasonably have anticipated the possibility of being haled into court here. Defendants Motion to Dismiss for lack of personal jurisdiction is denied.

## II.     Transfer To The Northern District of Georgia Is Inappropriate

Defendants frame their arguments based on *forum non conveniens* inconsistently. Defendant's style their motion as a "Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Under *Forum Non Conveniens*," (Def. Br. 1), but then later argue that the Court should *dismiss* the Complaint under the doctrine of *forum non conveniens*. (Def. Br. 20). In support of their arguments, Defendants rely on the New York C.P.L.R and federal cases involving motions to dismiss under *forum non conveniens* in favor of a *foreign* venue. *See, e.g.*, *Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru*, 665 F.3d 384, 394 (2d Cir. 2011) (dismissing an action on the grounds that the case should instead proceed in Peru); *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 70 (2d Cir. 2001) (considering whether a case should proceed in Colombia); *Paisola v. GAP Adventures, Inc.*, No. 10 CIV. 8920 PAC RLE, 2012 WL 1026773, at *3 (S.D.N.Y. Mar. 14, 2012), *report and recommendation adopted*, No. 10 CIV. 8920 PAC RLE, 2012 WL 1019585 (S.D.N.Y. Mar. 26, 2012) (considering whether a case

should proceed in Canada). In reply, Defendants abandon their argument that the case should be dismissed under *forum non conveniens*, arguing that their motion is in fact one to transfer and even that there is no difference between a motion to transfer under 28 U.S.C. § 1404(a) and a motion to dismiss on grounds of *forum non conveniens*.

The Supreme Court has made clear that Congress has codified the *forum non conveniens* doctrine in section 1404(a) and "has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (citations omitted). Since dismissal — the primary remedy sought (in some places in Defendants' briefing) — is *not* a proper remedy on a *forum non conveniens* motion claiming that another federal district court is the more convenient forum, the Court has analyzed Plaintiff's motion as a motion to transfer (relief also sought at times in Defendants' motion) under 28 U.S.C. § 1404(a). *See Cohen v. Maher*, No. 16 CV 265 (VB), 2017 WL 663553, at *1, 6 (S.D.N.Y. Feb. 17, 2017) (construing a motion to dismiss on grounds of *forum non conveniens* as a motion to transfer venue where defendants argue that the case should be transferred to federal court in Florida).

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A court must engage in a two-step inquiry when deciding a motion to transfer pursuant to section 1404(a). *See Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 26–27 (S.D.N.Y. 2016). First, the transferee district must be one where jurisdiction over the defendant would have been proper at the time the complaint was filed, regardless of the defendant's consent. *Id.*

Second, "the transfer must be in the interest of justice and convenience of the parties and witnesses." *Id.*

The burden of proof rests with the movant to show, by clear and convincing evidence, that "the balance of convenience strongly favors the alternate forum." *Xiu Feng Li v. Hock*, 371 F. App'x 171, 175 (2d Cir. 2010) (citation omitted). The Second Circuit has identified nine factors to consider when determining whether the balance tips in favor of transfer:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*DH Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–107 (2d Cir. 2006). "The factors do not comprise an exclusive list, and they should not be applied mechanically or formulaically but rather to guide the Court's exercise of discretion." *Matthews v. Cuomo*, No. 16-CV-4210 (NRB), 2017 WL 2266979, at *2 (S.D.N.Y. May 1, 2017).

As a preliminary matter, it is undisputed that Defendants are based in Georgia and that, therefore, the District Court for the Northern District of Georgia has personal jurisdiction over Defendants. (Compl. ¶¶ 5–6). Defendants principally rely on this factor in arguing that the Court should disturb Plaintiff's choice of forum. They argue that convenience favors transfer because all of S+D's business records are located in Georgia and a greater concentration of potential witnesses are in Georgia. (Def. Br. 21–22). They also contend that the balance of equities favors transfer because, they claim, S+D is a small, single-person company with limited resources that will suffer substantial financial hardship if required to litigate hundreds of miles away in New York. (Def. Br. 24).

Defendants have not demonstrated that interests of justice and convenience favor transfer to the Northern District of Georgia.  First, at the outset of the case, the Court gives substantial weight to plaintiff's choice of forum, especially where the chosen forum is also the plaintiff's home state.  *See Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003); *see also Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 698 (S.D.N.Y. 2009).  Moreover, though Defendants contend that transfer would be more convenient for potential witnesses, they provide the Court no information about those potential witnesses or the importance of their testimony.  *See EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 350 (E.D.N.Y. 2012) ("Generally, the moving party submits an affidavit explaining why the transferee forum is more convenient, which includes the potential principal witnesses expected to be called and the substance of their testimony." (internal quotation marks and citations omitted)).  Ms. Hunt admits that she is the *sole* owner, manager, and employee of S+D. (Hunt Decl. ¶ 2).  Conversely, Plaintiff identifies multiple potential witnesses who reside or work in New York.  (Moffatt Decl. ¶¶ 5, 7(f)).  Accordingly, the Court is not convinced that transfer would serve the convenience of potential witnesses in this case.

Plaintiff concedes that it has more assets than Defendants (Pl. Opp'n 24) and would therefore be in a better position to bear the burden of litigating a matter in a more removed venue.  However, the relative means of the parties is not dispositive and does not tip the scales in favor of overturning Plaintiff's choice of forum, particularly given the other relevant considerations discussed above.  *See also Lilac Grp.-W Scranton Corp. v. Wells Fargo Bank, NA*, No. 15-CV-9313 (KMK), 2017 WL 1192892, at *17 (S.D.N.Y. Mar. 29, 2017) (finding that the relative means of the parties "is not entitled to great weight where [the] plaintiff and [the] defendant are both corporations").  Here, Plaintiff has put forth evidence that it does not maintain

offices or have any corporate employees in Georgia (Moffatt Decl. ¶ 3), does not have counsel or relationships with attorneys in Georgia (Moffatt ¶ 4), and that all of its employees with knowledge of the issues in this case are located in New York. (Moffatt ¶ 5). As such, transfer would inconvenience Plaintiff and shift the burden of litigation. *See Neil Bros. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 328 (E.D.N.Y. 2006) ("[A] transfer of venue should not merely shift the burden of inconvenience from one party to another.").

The remaining factors do not weigh in favor of disturbing Plaintiff's choice of forum. Because Plaintiff is based in New York (Moffatt Decl. ¶¶ 2–3, 5, 7), transferring this case to Georgia would only serve to shift the inconveniences of one party and its witnesses to the other. *See Calabrese v. Teoco Corp.*, 637 F. Supp. 2d 160, 163 (S.D.N.Y. 2009) ("Where transfer would merely shift the inconvenience from one party to the other, plaintiff's choice of forum is not to be disturbed.").

In short, Defendants have not shown by clear and convincing evidence that the balance of convenience favors transfer to the Northern District of Georgia or that Plaintiff's choice of forum should be disturbed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for lack of jurisdiction or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a) [ECF No. 27] is DENIED.

The Clerk of Court is respectfully requested to terminate docket entry 27.

**SO ORDERED.**

**Date:  August 30, 2022**
**New York, NY**                                               _____
                                                                              **MARY KAY VYSKOCIL**
                                                                              **United States District Judge**